IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 2-279 T

(Chief Judge Edward J. Damich)

PENNZOIL-QUAKER STATE COMPANY AND SUBSIDIARIES, SUCCESSOR TO QUAKER STATE CORPORATION AND SUBSIDIARIES,

Plaintiff

v.

THE UNITED STATES,

Defendant

DEFENDANT'S MOTION TO STAY PROCEEDINGS

Pursuant to the Court's order of September 14, 2005, defendant the United States hereby moves the Court for an order to stay its response to plaintiff's motion for summary judgment for 120 days to allow the defendant's trial attorney time to prepare a recommendation regarding a possible administrative resolution of the pending issues. This stay is also sought in order to allow time for review of the trial attorney's recommendation. Plaintiff's counsel declines to consent to a stay for these purposes.

In support of its motion, defendant states as follows:

The initial complaint in this action was filed on April 5, 2002. The issues in that complaint were litigated and on October 28, 2004, the Court entered its decision resolving those

issues. Prior to the entry of judgment in this action, plaintiff, over defendant's objection,[1] was allowed to amend its complaint to add new issues to the instant action. After amending its complaint, plaintiff requested and the Court allowed it to file a motion for summary judgment with respect to the newly raised issues. Plaintiff's motion for summary judgment was filed preemptively, *i.e.*, before defendant's trial attorney had obtained the full IRS administrative record, before the parties had engaged in any settlement negotiations, and before defendant had conducted any discovery on the new issues.

In the Court's order of September 14, 2005, defendant was granted sixty days to obtain and review the IRS administrative record with respect to the additional issues raised in the amended complaint. Pursuant to the Court's order of September 14, after review of the IRS administrative record, defendant is required to either: (1) respond to plaintiff's motion for summary judgment; (2) move to stay proceedings to allow the parties time to settle; or (3) move to stay under RCFC 56(f) to allow defendant a chance to conduct discovery.

Defendant's trial attorney received documents from the IRS pertaining to the administrative record for the additional issues raised on September 29, 2005, and additional documentation was received by defendant's trial attorney on October 19, 2005, and October 31, 2005. (*See* Declaration of Jennifer Dover Spriggs, attached hereto as Exhibit A, ¶¶1-2.) After review of the IRS administrative record, defendant's trial attorney contacted plaintiff's counsel and a conference was scheduled for November 8, 2005 to discuss further proceedings in this action. (*Id*. at ¶ 2.) During the November 8 conference, counsel for the parties discussed the possibility of settling the remaining issues in this action. (*Ibid*.) Following the November 8

---

[1] Defendant requested that judgment be entered in this action without further delay.

conference and based upon the representations of plaintiff's counsel, defendant's trial attorney understood that the parties had reached an agreement regarding further proceedings; plaintiff was to submit a settlement offer and proceedings in the instant action were to be stayed pending review of the settlement offer. (*Ibid*.)

On November 9, 2005, plaintiff's counsel contacted defendant's trial attorney and, in essence, nullified the parties' prior settlement negotiations. (*Id*. at ¶ 3.) Plaintiff's counsel advised that he was now of the view that defendant's trial attorney's attempts to resolve this matter without further Court intervention was nothing more than a "delay tactic/gamesmanship." (*Ibid*.) Plaintiff now demands assurances, guarantees, and disclosures of confidential recommendations from defendant's trial attorney which conflict with the defendant's established settlement procedures. (*Ibid*.) [2]

Although plaintiff does not consent to a stay, it is appropriate and it is within the Court's discretion to allow defendant time to attempt to resolve this matter administratively. (*See* RCFC 1 (the rules shall be construed to secure the just, speedy and inexpensive determination of every action). A stay of defendant's response to plaintiff's motion for summary judgment will minimize expenses and conserve both attorney and Court time. Defendant seeks a stay of 120 days, based on an estimate provided to defendant's trial attorney by the Department of Justice Office of Review and reflecting the amount of time deemed necessary to complete the review of

---

[2] Part of plaintiff's expressed reason for requiring immediate resolution of these issues is plaintiff's desire for a prompt refund. It should be noted that even if the remaining issues are resolved administratively, and even if judgment is promptly entered, there would be no prompt payment for any amounts determined to be due plaintiff until after the Government's likely appeal has been resolved.

a recommendation regarding the possible administrative resolution of the remaining issues in this action. (*Id*. at ¶ 2.)

Wherefore, defendant requests that its motion be granted and that its response to plaintiff's motion for summary judgment be stayed for 120 days to allow time for the preparation and review of a recommendation that the remaining issues be resolved administratively.

Respectfully submitted,

s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840
(202) 514-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section

November 14 , 2005

CERTIFICATE OF SERVICE

I certify that service of the foregoing Defendant's Motion to Stay Proceedings has, this 14th day of November 2005, been made on plaintiff's counsel by electronic filing.

s/Jennifer Dover Spriggs
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440