IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 2-279 T

(Chief Judge Edward J. Damich)

PENNZOIL-QUAKER STATE COMPANY AND SUBSIDIARIES, SUCCESSOR TO QUAKER STATE CORPORATION AND SUBSIDIARIES,

Plaintiff

v.

THE UNITED STATES,

Defendant

DECLARATION OF JENNIFER DOVER SPRIGGS

I, Jennifer Dover Spriggs, am the attorney of the Tax Division, United States Department of Justice, assigned to defend this case, and I state as follows:

1. In my official capacity, I have temporary custody of the Internal Revenue Service administrative file with respect to the matters at issue in this case. On September 29, 2005, I received supplemental records from the Internal Revenue Service with respect to the additional issues raised in plaintiff's amended complaint. On October 19, and October 31, 2005, I received additional documentation from the Internal Revenue Service.

2. After review of the administrative record provided by the Internal Revenue Service, I contacted plaintiff's counsel and scheduled a conference on November 8, 2005, to discuss further proceedings in the instant action. During the November 8 conference, counsel for the parties

discussed the possibility of settling the remaining issues in this action. At the conclusion of the November 8 conference, I, based upon plaintiff's counsel's representations, believed that the parties had reached an agreement regarding further proceedings in this action and that plaintiff would submit a settlement offer and defendant's response to plaintiff's motion for summary judgment would be stayed pending review of plaintiff's settlement offer. Plaintiff's counsel asked that I draft a letter confirming the terms to be included in the settlement offer and asked that I determine how long the review process might take. I began a draft letter to plaintiff's counsel regarding the terms of the proposed settlement offer and I contacted the Department of Justice Office of Review regarding the amount of time necessary to review a settlement offer in this matter. The Office of Review advised me that at least 120 days would be necessary to allow for review of a settlement offer.

3. On November 9, 2005, plaintiff's counsel contacted me and demanded additional assurances, and guarantees, as well as disclosures of confidential recommendations, all of which conflict with the defendant's established settlement procedures. Plaintiff's counsel advised that plaintiff now declines to consent to a stay, unless its demands are met. Plaintiff's counsel further advised that in his view the defendant's efforts to resolve this matter without Court intervention are a "delay tactic/gamesmanship."

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Washington, D.C., this __14th__ day of November 2005.

__s/Jennifer Dover Spriggs__________________________
JENNIFER DOVER SPRIGGS